UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                          :

**JARRED SOWERS,**

                 Plaintiff,

                                    : **MEMORANDUM DECISION AND ORDER**

       – against –                 : 24-CV-6535 (AMD) (ST)

**SHERRIFF LAROCA,**                 :

               Defendant.        :

------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On September 6, 2024, the *pro se* plaintiff, who is currently incarcerated at the Nassau County Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On October 4, 2024, the plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 6.). The plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. For the following reasons, the complaint is dismissed with leave to file an amended complaint.

## BACKGROUND

The plaintiff alleges that on July 28, 2024, he "slipped and fell on some water from a cell sink that was broken . . . while trying to use the phone on the tier." (ECF No. 1 at 3.) He further alleges that he "sustained injuries to [his] neck and back" and "was sent to the medical clinic" and "then brought to NUMC hospital." (*Id.* at 4.) The plaintiff seeks unspecified damages against a single named defendant.[1] (*Id.* at 5.)

---

[1] The Nassau County Sheriff is Anthony LaRocco.

**LEGAL STANDARD**

In general, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).

The pleadings of *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").  Nonetheless, the Prison Litigation Reform Act requires a district court to screen any civil complaint brought by an incarcerated person against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  Similarly, a district court must dismiss an *in forma pauperis* action if the action: (i) "is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," *see id.* § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

This action is brought pursuant to 42 U.S.C. § 1983, which "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights,

2

privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting

*Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

The plaintiff's slip and fall claim sounds in negligence, which does not form the basis for

a constitutional violation under either the Eighth Amendment or the Fourteenth Amendment.[2]

*See Taylor v. NYCDOC*, 19-CV-4874, 2020 WL 4738270, at *2 (E.D.N.Y. Aug. 12, 2020);

*Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) ("[L]iability for *negligently* inflicted harm is

categorically beneath the threshold of constitutional due process." (emphasis in original)

(quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)); *Farmer v. Brennan*, 511 U.S.

825, 836 (1994) (holding that a constitutional violation of the Eighth Amendment based on

conditions of confinement "entails something more than mere negligence").  Indeed, "[c]ourts

have regularly held, . . . that a wet or slippery floor does not pose an objectively excessive risk to

prisoners." *Johnson v. New York City Dep't of Correction*, No. 10-CV-338, 2010 WL 2426017,

at *1 (E.D.N.Y. June 11, 2010).  Therefore, the plaintiff's allegation that he slipped and fell on a

wet floor does state a claim on which relief can be granted.

Furthermore, in order to recover damages against an individual defendant under section

1983, the plaintiff must allege that the defendant was directly or personally involved in the

claimed constitutional deprivation.  *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).  The

plaintiff does not allege that the Nassau County Sheriff was personally involved with, had

knowledge of or responsibility for the claimed constitutional injury.  Accordingly, his claim fails

as a matter of law.  *Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir. 1997); *see also Johnson v. Barney*,

360 F. App'x 199, 201 (2d Cir. 2010) (summary order); *Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that

---

[2] It is not clear whether the plaintiff is a pre-trial detainee, entitling him to the protections of the Fourteenth
Amendment, or whether he is serving a post-conviction sentence, entitling him to the protections of the Eighth
Amendment.

each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim.  28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

In light of the plaintiff's *pro se* status, the Court grants the plaintiff leave to file an amended complaint within 30 days from the entry date of this Order.  The plaintiff must provide facts to show what each named defendant did or did not do that violated his constitutional rights, including the dates and locations for each relevant event.  The amended complaint will replace the original complaint.  That is, the amended complaint must stand on its own without reference to the original complaint.  The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order: 2:24-CV-6535 (AMD) (ST).

If the plaintiff does not file an amended complaint within 30 days or fails to show good cause for an extension of time, the Court will direct the Clerk of Court to enter judgment and close this case.  The Clerk of Court is respectfully requested to send a copy of this Order to the plaintiff along with a prisoner's civil rights complaint form, and to note the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

4

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated:  Brooklyn, New York
       October 28, 2024