UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                                                    :

**JARRED SOWERS,**

                       Plaintiff,

                – against –

**NASSAU COUNTY CORRECTIONAL
CENTER, C/O ANTHONY LARROCO,
C/O JOHN HOOPER; NASSAU COUNTY
SHERIFF'S DEPARTMENT**

                      Defendants.
------------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

24-CV-6535 (AMD) (ST)

**ANN M. DONNELLY**, United States District Judge:

On September 6, 2024, the *pro se* plaintiff, who is currently incarcerated at the Nassau County Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On October 4, 2024, the plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 6.) On October 28, 2024, the Court granted the plaintiff's application to proceed *in forma pauperis* and dismissed the complaint with leave to file an amended complaint within 30 days. On November 15, 2024, the plaintiff apparently filed the amended complaint in the wrong action. Although the Court instructed that the amended complaint must bear the same docket number as its prior Order: 2:24-CV-6535 (AMD) (ST), the plaintiff filed the amended complaint under the docket number of a related case, 2:24-CV-6540 (AMD) (ST). *See Sowers v. Laroca*, 24-CV-6040 (AMD) (ST) (ECF No. 11) (alleging that on July 28, 2024, the plaintiff "slipped on some water causing me to sustain a great amount of pain to my neck and back due to a leak from a cell sink that was out of order."). The Clerk of Court is respectfully directed to docket the amended

complaint filed in 24-CV-6040, ECF No. 11, as the amended complaint in this action. As explained below, the amended complaint is dismissed because it does not cure the deficiencies in the original complaint.

## BACKGROUND

The plaintiff makes the same factual allegations he made in the original complaint. According to the plaintiff, on July 28, 2024, he slipped and fell on water that had leaked from a sink in a cell. (24-CV-6040, ECF No. 11 at 4.) He alleges that he suffered neck and back pain that required treatment at a hospital. (*Id.*) The amended complaint makes three changes. First, in addition to Anthony LaRocco (misspelled as Larrocco), the plaintiff adds the Nassau County Correctional Center, the Nassau County Sherriff's Department, and John Hooper as defendants. Second, the plaintiff adds a new allegation: that the "the officers repeatedly failed to address this matter which created an unsafe and hazardous environment . . . and that there were no wet floor signs or cleaning supplies to prevent any harmful accidents." (*Id.*) Third, the plaintiff clarifies that he seeks $3 million in damages. (*Id.* at 5.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011).

The pleadings of *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated

to construe a *pro se* complaint liberally"). Nonetheless, the Prison Litigation Reform Act requires a district court to screen a civil complaint brought by an incarcerated person against a governmental entity or its agents and to dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, a district court must dismiss an *in forma pauperis* action if the action: (i) "is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See id.* § 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

The Court dismisses the amended complaint for substantially the same reasons that it dismissed the original complaint — because the amended complaint does not state a claim pursuant to 42 U.S.C. § 1983. Section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under section 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Id.* (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

The plaintiff's slip and fall claim sounds in negligence, which does not form the basis for a constitutional violation under either the Eighth Amendment or the Fourteenth Amendment.[1] *See Taylor v. NYCDOC*, 19-CV-4874, 2020 WL 4738270, at *2 (E.D.N.Y. Aug. 12, 2020);

---

[1] It is still not clear whether the plaintiff is a pre-trial detainee, entitling him to the protections of the Fourteenth Amendment, or whether he is serving a post-conviction sentence, entitling him to the protections of the Eighth Amendment.

*Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." (emphasis in original) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998))); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994) (holding that a constitutional violation of the Eighth Amendment based on conditions of confinement "entails something more than mere negligence"). Indeed, "[c]ourts have regularly held, . . . that a wet or slippery floor does not pose an objectively excessive risk to prisoners." *Johnson v. New York City Dep't of Correction*, No. 10-CV-338, 2010 WL 2426017, at *1 (E.D.N.Y. June 11, 2010). Therefore, the plaintiff's allegation that he slipped and fell on a wet floor does state a claim on which relief can be granted.

The plaintiff's additional allegation — that prison officials had notice of the wet floor — does not change the analysis. *See Edwards v. City of New York*, No. 08-CV-5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) ("[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even, where as here, the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it." (collecting cases)).

Moreover, the defendant has not named any proper defendants. The Nassau County Correctional Facility and the Nassau County Sheriff's Department are not suable entities. *See Blanton v. Nassau County Sheriff Dep't*, No. 20-CV-768, 2024 WL 1072207, at *6 (E.D.N.Y. Mar. 12, 2024.) Nor does the plaintiff allege any facts to show LaRocco or Hooper were personally involved in any constitutional violation. Therefore, he does not state a claim against either of them. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) (the plaintiff must allege that the defendant was directly or personally involved in the claimed constitutional deprivation).

4

## CONCLUSION

Accordingly, the action is dismissed for failure to state a claim. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). Because the Court has already given the plaintiff an opportunity to amend the complaint, leave to amend the complaint again would be futile. *Cuoco v. Mortisugu*, 222 F.3d 99, 112 (2d Cir. 2000).

The Clerk of Court is respectfully directed to enter judgment, close this case, send a copy of this Order to the plaintiff, and note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                               s/Ann M. Donnelly
                                               ANN M. DONNELLY
                                               United States District Judge

Dated: Brooklyn, New York
        January 6, 2025